# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BILLY B. EVANS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0839**  (BOR Appeal No. 2050200)
                    (Claim No. 2013024549)

**GATEWAY EAGLE MINE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Billy B. Evans, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gateway Eagle Mine, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2015, in which the Board affirmed a January 15, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 11, 2013, decision denying a request for treatment for Mr. Evans's right shoulder.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The December 11, 2013, claims administrator's decision is very non-specific and states only that a "request for right shoulder due to rotator cuff tear" has been denied. The Office of Judges interpreted the claims administrator's decision to be a denial of a request to add the right shoulder as a compensable body part. However, a reading of the record clearly indicates that Mr. Evans's treating physician has requested authorization for a right shoulder surgical procedure.

1

Mr. Evans injured his left shoulder in the course of his employment as a roof bolter on March 14, 2013, while loading supplies onto a roof bolting machine. On March 26, 2013, Mr. Evans's claim for workers' compensation benefits was held compensable for a left shoulder sprain.[2] On October 3, 2013, Paul Bachwitt, M.D., performed an independent medical evaluation and authored a report memorializing his findings on October 9, 2013. He noted that Mr. Evans underwent a left shoulder arthroscopy on May 31, 2013, and further noted that the incision site subsequently became infected. Dr. Bachwitt then noted that Mr. Evans began complaining of bilateral shoulder pain on August 27, 2013. Additionally, he noted that Mr. Evans underwent a non-work-related right rotator cuff repair in 2008. A right shoulder MRI was performed on October 3, 2013, and revealed multiple lesions suggestive of osteomyelitis, atypical inflammatory arthritis, and a rotator cuff tear and labral tear.

David Ede, M.D., Mr. Evans's treating physician, evaluated him for right shoulder pain on October 29, 2013. He obtained x-rays of the right shoulder and opined that the images reveal bone-on-bone contact with severe degenerative disease, which he attributed to post-surgical changes following the 2008 right rotator cuff repair. Dr. Ede continued to evaluate Mr. Evans for his ongoing complaints of right shoulder pain. He diagnosed Mr. Evans with a failed rotator cuff repair of the right shoulder and opined that exploratory surgery of the right shoulder is necessary for the purpose of ruling out osteomyelitis, which may have seeded the prior left shoulder infection. On December 11, 2013, the claims administrator denied a request from Dr. Ede for authorization of treatment for the right rotator cuff tear based upon a finding that the right shoulder is not a compensable body part.[3]

Dr. Ede performed a surgical procedure on Mr. Evans's right shoulder on January 7, 2014. During a follow-up visit on February 10, 2014, he noted that cultures obtained during the procedure have thus far proven negative for any sign of an infection. Dr. Ede therefore opined that he does not believe that the prior infection in the left shoulder was secondary to a latent infection in the right shoulder. He further opined that the cystic changes present in the right shoulder arose from surgical hardware placed during the 2008 rotator cuff repair.

Dr. Bachwitt performed a second independent medical evaluation on April 8, 2014, and authored a report memorializing his findings on April 11, 2014. He opined that the right shoulder should not be added as a compensable body part based upon Mr. Evans's history of a prior right rotator cuff repair in 2008 and the results of the October 3, 2013, MRI which revealed degenerative changes and bone-on-bone contact. Finally, Dr. Bachwitt noted that during the surgical investigation of the right shoulder, no evidence of an infection was found.

---

[2] A torn rotator cuff was later discovered upon further examination of the left shoulder. Although an Order holding this diagnosis compensable is not in the record, it appears the claims administrator paid for the treatment of this condition.

[3] The request from Dr. Ede is not contained in the record. Additionally, the claims administrator does not specify the type of treatment for which authorization was requested. However, based upon Dr. Ede's treatment notes, it appears that he requested authorization for the right shoulder surgery previously discussed.

The Office of Judges affirmed the December 11, 2013, claims administrator's decision. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its Order dated July 30, 2015. On appeal, Mr. Evans asserts that the evidence of record demonstrates that his right shoulder became symptomatic as a direct result of the compensable left shoulder injury.

The Office of Judges noted that following the surgical procedure on the right shoulder, Dr. Ede opined that Mr. Evans's right shoulder symptoms arose solely as a result of retained hardware placed during a non-work-related right rotator cuff repair in 2008. Additionally, the Office of Judges noted that Dr. Ede found no evidence of an infection in the right shoulder. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Both Dr. Ede, Mr. Evans's treating physician, and Dr. Bachwitt, who performed two independent medical evaluations, concluded that Mr. Evans's right shoulder symptoms are unrelated to the compensable left shoulder injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum